ASH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Artem Makarov,<br>Petitioner,<br>v.<br>United States Immigration and Customs Enforcement,<br>Respondent. | No. CV-26-03416-PHX-RM (CDB)<br><br>**ORDER** |

On May 15, 2026, self-represented Petitioner Artem Makarov, who is confined in the Central Arizona Florence Correctional Complex ("CAFCC"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his immigration detention. By Order dated May 20, 2026, the Court ordered Respondents to answer the Petition. (Doc. 3). Respondents filed their answer on June 15, 2026. (Doc. 11.)

On June 16, 2026, and June 25, 2026, Petitioner filed "Authorizations" that his wife act on his behalf in this action. (Docs. 14, 17.) Petitioner's wife has since filed numerous documents, including a Reply (Doc. 16), an "Emergency Motion to Stay Removal" (Doc. 12), and an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 19).[1]

As a general rule, a non-attorney may represent him or herself but has no authority to appear as an attorney for another person. *C.E. Pope Equity Tr. v. United States*, 818

---

[1] Petitioner's Motions for Immediate Release (Docs. 20, 22) will be resolved separately.

F.2d 696, 697 (9th Cir. 1987) (stating "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as attorney for others than himself" (citations omitted)). There is no indication that Petitioner's wife is an attorney or admitted to practice in this District.

In rare circumstances, a third party may—*through counsel*—seek habeas corpus relief on behalf of someone else as a "next friend." *C.E. Pope Equity Tr.,* 818 F.2d at 697. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

While the Court has no reason to question that Petitioner's wife is "truly dedicated to the best interests" of Petitioner and has a "significant relationship" with him, there is no indication that Petitioner is unable to bring this action himself or through counsel. Notably, Petitioner himself was able to file an "Authorization" that his wife act on his behalf, which indicates that he is able to file documents with this Court on his own. As a matter of law, Petitioner's detention does not prevent him from prosecuting a habeas corpus action on his own behalf; indeed, many habeas corpus petitioners confined at the CAFCC have done so in this Court. As such, the Court will deny "next friend" status and deny the "Emergency Motion to Stay Removal."

Additionally, from the information provided by the briefing thus far, although Petitioner has a final order of removal entered against him, he also currently has a stay of removal issued by the Ninth Circuit. As such, it does not appear that Respondents can legally remove him from the United States while that stay remains in effect. (*See* Doc. 11

at 2) ("a temporary stay [of removal] remains in place pending adjudication" of Petitioner's appeal to the Ninth Circuit); *see also* Doc. 11-1 at 16 (May 19, 2026 Ninth Circuit Court of Appeals Docketing Notice stating that "Pursuant to G.O. 6.4(c), a stay of removal is in effect until that request has been addressed.").[2]

Further, General Order 26-09 requires the government to provide at least two business days' notice to Petitioner and this Court if it intends to remove him from the United States. No such notice has been received in this matter, supporting that removal is not imminent. The Court expects that if the government intends to remove Petitioner, it will abide by the requirements of General Order 26-09.

Accordingly,

**IT IS ORDERED** that the "Emergency Motion to Stay Removal" (Doc. 12) and "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 19) are **denied**.

Dated this 17th day of July, 2026.

Honorable Rosemary Márquez
United States District Judge

---

[2] A Briefing Schedule attached with the Docketing Notice indicates that briefing on the stay request will not conclude until July 20, 2026 at the earliest. (Doc. 7-1 at 17). As such, the stay of removal pursuant to Ninth Circuit G.O. 6.4(c) remains in effect as of the date of this Order.